Trial Court Cause No: F-2003-0377

20,203-11

William Boyd Pierce

V.

The State of Texas

This document contains some pages that are of poor quality at the time of Imaging.

In the Texas Court of Criminal Appeals Austin, Texas

Office of The Clerk:

RECEIVED IN COURT OF CRIMINAL APPEALS
APR 01 2015
Abel Acosta, Clerk

Dear Clerk,

Please Find enclosed a Motion For Leave and an Application For Writ of Mandamus.

Please Present To the Court at your earliest Convenience.

Thank You For Your Time and Troubles in this Matter.

Respectfully

William Boyd Pierce
# 1208957
Michaels Unit
2664 FM 2054
Tenn. Colony, Tx.
75886

(A)

Trial Court Cause No: F-2003-0377

William Boyd Pierce

V.

The State of Texas

In The Texas Court

of Criminal Appeals

Austin, Texas

## Motion For Leave

Applicant, William Boyd Pierce, Moves The Court For Leave To File The attached Application For Writ of Mandamus Pursuant To Texas Rules of Appellate Procedure, Rule 72.1.

Applicant Prays This Honorable Court Will Grant his Motion For Leave and Rule on Applicants Application For Writ of Mandamus

Respectfully

William Boyd Pierce

(B)

Trial Court Cause NO: F-2003-0377

| | |
|---|---|
| William Boyd Pierce | In The Texas Court |
| V. | OF Criminal Appeals |
| The State of Texas | Austin, Texas |

PLaINTiFF's ORiGiNAL APPlication
For Writ of MANdamus

To The Honorable Judge of Said Court:

Comes Now, William Boyd Pierce, Applicant / Relator Pro-Se in The Above Styled and Numbered Cause of Action and Files This Original Application For Writ of MANDAMUS.

ReLATor has exhausted his Remedies and has No Other adequate Remedy at Law.

Wherefore Relator brings Forth this Application For Writ of Mandamus and Prays this Honorable Court of Criminal Appeals will Grant him the Relief he is entitled.

I
Procedural History

Relator was Convicted in the 211th District Court

[1]

CONT:

IN Denton County, Texas on August 12, 2003 For the Offense of Sexual Assault and was Sentenced To 60 Years in The Texas Department of Criminal Justice, Applicant Gave Timely Notice of Appeal To which was Affirmed and Applicant Filed a 11.07 Writ of Habeas INTo the Trial Court and the Court of Criminal Appeals Ordered The Trial Court To Make Findings of Fact and Conclusions of Law, Yet All the Trial Court did was issue a Nunc Pro Tunc Judgment Claiming that of a Clerical error.

Thus this is The error Applicant is reQuesting this Honorable Court of Criminal Appeals To Correct.

This writ of Mandamus is brought To the Court because of AN illegal and Void Sentence as in Ex Parte Rich 194 SW3d 508 (Tex. Crim. App. 2006), Nix V. State 65 SW3d 664 and Ex Parte Beck 922 Sw2d 181, (Tex. Crim. App. 1996) A Void or illegal Sentence is one That is Not Authorized by Law and a Void Judgment is a Nullity and Can be attacked at any Time and Applicants Sentence at bar is That of an illegal and Void Sentence, For The Offense of Sexual Assault, P.C. 22.011 is that of a Second degree Felony which is Punishable by 2 To 20 Years, Yet the Trial Court Sentenced Applicant To 60 Years, which is outSide the Sentencing Guidelines of a Second degree Felony.

[2]

Cont:

Applicant Filed a Writ of Habeas Corpus on April 12, 2005 and on July 27, 2005 the Court of Criminal Appeals issued an Order For The Trial Court To Make Findings of Fact and Conclusions of Law, the Court of Criminal Appeals said the Trial Court had 120 days To respond To the Order, To which the Trial Court by Law should have responded No Later than November 24, 2005 which would have been 120 days From the Order, But! the Trial Court did Not respond until April 27, 2006, Now this was 9 months After the Court of Criminal Appeals issued its Order, 5 months after the expiration date allowed To respond of November 24, 2005.

Now the Trial Court Should have been Cited as deFaulting by Not responding To the Court of Criminal appeals Order of 120 days. and by being at default the Court of Criminal Appeals should Not have even Considered the Trials Courts reply, But on June 7, 2006 the Court of Criminal Appeals Denied Applicants Writ of Habeas Corpus on the Trial Courts Findings, thus by Not Adjudicating on The Merits:

Applicant Filed another Writ of Habeas Corpus on February 3, 2014 Challenging the improper Nunc Pro Tunc Judgment, But was dismissed Without Written Order as a Subsequent Application, thus again was

[3]

Cont:

Was Never adjudicated on the Merits, thus this Writ of Mandamus Should Not be considered that of a subsequent Writ. in Ex Parte Thomas 953 SW2d 286 (Tex. Crim. App. 1997), Ex Parte Torres 943 SW 2d. 469 (Tex. Crim. App. 1997) and in Ruiz V. Quarterman 504 F3d 523 (5th cir. 2007), they all speak of having To be adjudicated on the Merits Same as in Applicants case at bar.

Thus this Application For Writ of Mandamus is brought To the Courts attention as the only Remedy at Law in which To Correct the error made by the Trial Court, as in HANSON V. Sullivan 886 SW2d. 467, 469 (Tex. App. Houston 1st Dist. 1994), Mandamus issues only To Correct a Clear abuse of discretion on Violation of duty imposed by Law When there is No other adequate Remedy at Law. Mandamus relief May be Afforded Where a Trial Courts order is Void, as Applicant's Case At Bar., RE: Fusliek 56 SW3d. 265 (Tex. App. Houston 1st Dist 2001) and Holmes V. Salinas 784 SW 2d. 421 (Tex. Crim. App. 1990).

Applicant Was Not Allowed To enter any Plea To the enhancement Paragraph at the Punishment Phase of Trial, See Exhibit __A__ * which is the Trial Court Records, R.R.

* Applicant does Not have No way To make Copies in T.D.C.J. and the only one he has is being Submitted To the Court of Criminal Appeals.

[4]

Cont:

V. 4, Pages 3, 4, 5 and 6, Where this shows Applicant was Not Present during the Punishment Phase of Trial, Just his Counsel and in the Code of Criminal Procedure ART. 36.01 (a) (1) the reading of the enhancement is Mandatory and Applicant's Plea To it, in Jackson V. State 105 SW 3d 321 (Tex. App. Houston 14 Dist 2003), Reading of the enhancement Paragraph in indictment is Mandatory, until the Part of Changing instrument that Contains the enhancement alleGations are read To the defendant and he Plea there To, No issue is Joined between the state and defendant; also in Hernandez V. State 190 SW 3d 856 (Tex. App. Corpus Christi 2006), and in Linton V. State 15 SW 3d 615 (2000), thus one can See Applicant was denied his Due Process rights To be Present and heard when the reading of the enhancement Paragraph was read, as required by Law.

Another thing is when the Trial Court issued the illeGal Nunc Pro Tunc JudGment, Applicant was To be Present with Counsel at the hearing To Afford him. Due Process, in Lancaster V. State 324 SW 3d 217 (Tex. App. Waco 2010), Shaw V. State 539 SW 2d 887, 890 (Tex. Crim. App. 1976) and in Jones V. State 795 SW 2d 199 (Tex. Crim. App. 1990) where all show that Applicant is To be Present with Counsel

[5]

at The Nunc Pro Tunc hearing and Failure To hold a hearing is SubJect To a kind oF harm analysis, Horman V. Hughes 708 sw2d. 449 (Tex. Crim App. 1986), thus Applicant was denied this Constitutional Right To Be Present and To be heard.

In Harris V. State 153 sw3d. 394 (Tex. Crim. App 2005), the record Thus Shows that the Trial JudGe recieved The evidence oF Prior Convictions and Considered them, But Not That he Found them True, Same as in Applicant's Case The JudGe admitted them but Never Found it True.

Now The Nunc Pro Tunc JudGment in itself is illeGAL For This was a Judicial error To which Cannot be Corrected by A Nunc Pro Tunc JudGment as in RE: Fuselier 56 sw 3d. 265 (Tex. App. Houston 1st Dist. 2001). AFTer a JudGment has become Final, The Trial Count May only Correct Clerical errors by Nunc Pro Tunc JudGment and MAY NoT Correct Judicial errors, and in Barton V. Gillespie 178 sw3d. 121 (Tex. App. Houston 1st Dist. 2005) A Judicial error in a JudGment which is unlike a Clerical error Cannot be Corrected by the Trial Count at any Time by using a JudGment Nunc Pro Tunc, arises From a MisTake oF Law or Fact That reQuires Judicial reasoning To Correct.

[6]

it occurs in the rendering rather than the entering of the Judgment, when deciding whether an error in a Judgment is clerical or Judicial, For Purposes of a Trial Court's Power To Correct Clerical errors at any Time by using a Judgment Nunc Pro Tunc, The Court Must Look At the Judgment actually rendered and Not the Judgment that Should have been rendered.

In Loud V. State 329 SW 3d 230 (Tex. App. Houston 14 Dist. 2010) and Ex Parte Dopps 723 SW 2d 669 (Tex. Crim. App. 1986) Both Cases State, before a Judgment Nunc Pro Tunc May be entered There Must be Proof that the Purposed Judgment was actually rendered or Pronounced at an earlier Time.

Now These cases are as the Same as Applicants Case where the Trial Court acted To Correct Judicial errors and omissions. It Appeared as though the Trial Court Changed it's record To reflect what it believed Should have been done, Not To What actually occured.

Now the Trial Court CANNOT issue A Nunc Pro Tunc Judgment on A Judicial error and one Can clearly See this was a Judicial error. For it was Never Pronounced Nor Rendered in Court, AGain See Trial Court Records, Exhibit* 'A' enclosed

Where one can see that this was Never Pronounced Nor Rendered in Count To that of a Finding of True To an enhancement.

Thus the error was in the Rendering To which is Judicial, But the Habeas Judge is Claiming it was a Clerical error, Now this Surely is Not Possible, For any one can see by the Records this was Never Rendered nor Pronounced at Trval-

Now Please Take Notice of Exhibit * D enchosed which is the Judgment and Sentence of the Original Count Judge, L. Der Shipman Signed on November 6th 2003, Where in the Place For Plea To enhancement it is Marked N/A and in the Space For Finding on enhancement it is also Marked N/A, also See Exhibit * B enchosed which is the Trval Count Record, R.R. V. 4, Pages 4 and 5 For Nowhere does he mention a Finding of True To an enhancement, But! on his Nunc Pro Tunc Judgment of the Judgment and Sentence issued on April 27, 2006, Exhibit * C enchosed it Shows on the Space Marked For Plea To enhancement Not True and on the Space Marked Finding on enhancement True, Plus added a whole new Paragraph on the Second Page of the Judgment and Sentence, That was Not Pronounced in Count-

[8]

CONT:

Now The Trial Count was in error by issuing a Judgment Nunc Pro Tunc For there Must be Proof the Proposed Judgment was actually Rendered or Pronounced at an earlier Time, as in Johnson V. State 233 SW3d. 420 (Tex. APP. FT. Worth 2007), Collins V. State 240 SW3d 925 (Tex. Crim. APP. 2007), Blanton V. State 369 SW3d. 894 (Tex- Crim. APP. 2012) and In Hancock V. State 212 SW3d. 922 (Tex-APP. FT. Worth), A Nunc Pro Tunc Judgment is improper if it Modifies, Changes or alters the Original Judgment Pronounced in Count or has the effect of Making a New order, as what was done in Applicants Case at bar.

In Loud Supra, when The Appeals Court had To Correct a Nunc Pro Tunc Order that was Not authorized by the Trial Count When it issued a Nunc Pro Tunc Order on a Judicial error, Same as What has happened in Applicants Case, See RE: Gonzalez 115 SW3d 36 (Tex. APP. San Antonio 2003)

Thus For Sure the use of the Nunc Pro Tunc Judgment issued by The 211th District Count on a Judicial error is Null and Void and Never Should have been issued, Thus The illegal Nunc Pro Tunc Judgment Should be dismissed.

(9)

## PRAYER

WhereFor Premises Considered, Applicant Prays this Honorable Court of Criminal Appeals To Set aside this illegal Nunc Pro Tunc Judgment issued by the 211th District Court in Denton, County, Texas and Order the Court To RE-Sentence Applicant on the Proper Sentencing Guidlines To That of A Second Degree Felony.

So Prayed

Respectfully

_William Boyd Pierce_
Relator/Applicant

## Applicant's Declaration

I, William Boyd Pierce, T.D.C.J. # 1208957, being Presently incarcerated In The Texas Department of Criminal Justice in The Michads Unit in Anderson County, Texas, Declare under The Penalty of Perjury That the Foregoing Application For Writ of Mandamus is True and Correct To The Very best of my Knowledge.

EXEcuted on the _25_ day of _March_, 2015.

Declarant

_William Boyd Pierce_

## Certificate of Service

This is To Certify That on the below date the Originals entitled "Motion For Leave" and "Plaintiff's Original Application For Writ of Mandamus" was deposited in the U.S. Mail Box here on the Michaels unit, Postage Pre-Paid addressed To → Clerk, Texas Court of Criminal Appeals, P.O. Box 12308, Capital Station, Austin, Texas 78711.

Also on the Same below date a True and Correct Copies entitled "Motion For Leave" and Plaintiff's' Original Application For Writ of Mandamus" Was deposited in The U.S. Mail Box here on the Michaels unit, Postage Pre-Paid addressed To → Clerk, 211th District Court, 1450 E. McKinney Denton, Texas., 76202

Respect Fully
William Boyd Pierce

Date: March, 25, 2015

(11)

Exhibit "A"

VOLUME 4 OF 6
REPORTER'S RECORD
CAUSE NUMBER F-2003-0377-C

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | 211TH JUDICIAL DISTRICT |
| WILLIAM B. PIERCE | * | DENTON COUNTY, TEXAS |

PUNISHMENT PHASE

AUGUST 12, 2003

JURY TRIAL

APPEARANCES:

EARL DOBSON
PAIGE MCCORMICK
1450 E. McKinney
Denton, Texas 76201
SBOT: 00785825
SBOT: 14120050
FOR THE STATE OF TEXAS

HARDY BURKE
100 W. Oak
Suite 310
Denton, Texas 76201
SBOT: 03399700
FOR THE DEFENDANT

BE IT REMEMBERED THAT on the 12th day of August, 2003, the above-styled and numbered cause came on for hearing before the HONORABLE DAVID CLEVELAND, Visiting Judge of the 211th Judicial District Court in Denton County, Texas, reported by Niki Garcia, RPR, CSR #2627, Certified Shorthand Reporter in and for the State of Texas, and that the following proceedings were had, to wit:

---

INDEX

| | PAGE |
| --- | --- |
| STATE RESTS/CLOSES | 3 |
| DEFENSE RESTS/CLOSES | 4 |
| CLOSING ARGUMENT | |
| By Ms. McCormick | 4 |
| By Mr. Burke | 5 |
| COURT'S SENTENCING | 6 |
| REPORTER'S CERTIFICATION | 8 |

EXHIBIT INDEX

| Description | Marked | Offered | Admitted |
| --- | --- | --- | --- |
| State's 5 Pen Packet for Cause #20382-C for William B. Pierce | 3 | 3 | 4 |

---

PROCEEDINGS

THE COURT: Is the State ready on the punishment phase?

MS. MCCORMICK: We are, Your Honor.

THE COURT: Is the Defendant ready?

MR. BURKE: Defendant's Counsel is present and ready, Judge.

THE COURT: All right. Would either of you like to make any opening remarks?

MS. MCCORMICK: No, Your Honor.

MR. BURKE: I'd waive that.

THE COURT: Ms. McCormick.

MS. MCCORMICK: We have one exhibit to mark, Your Honor.

THE COURT: All right.

(State's Exhibit 5 marked.)

MS. MCCORMICK: At this time, Your Honor, we would offer State's Exhibit Number 5. Cause Number 20382-C in the 211th District Court convicted William Boyd Pierce of aggravated robbery and sentencing him to 13 years, 9 months in the Texas Department of Criminal Justice.

I have spoken with Defense Counsel, and he is in agreement with the stipulation that Mr. Pierce, the Defendant in this case, is the same Mr. Pierce who was convicted in this pen packet. Furthermore, there's a picture attached to the pen packet.

MR. BURKE: That's true, Judge. No objection.

THE COURT: All right. It's admitted.

MS. MCCORMICK: I tender this to the Court, Your Honor.

THE COURT: Thank you.

MS. MCCORMICK: The State rests.

THE COURT: Anything to present, Mr. Burke?

MR. BURKE: No, sir. We rest and close.

THE COURT: Any comments, Counsel?

MS. MCCORMICK: No, Your Honor. We would ask the Court to take into account the offense that the Defendant has been convicted of, specifically that it is sexual assault of a child, to take into account the type of, I guess, mental manipulation that he subjected this child to, as well as his prior history, that he is a convicted felon, that his prior felony was one of violence, and sentence him to the appropriate sentence in the Texas Department of Criminal Justice.

I believe this raises the range of

EXHIBIT E

punishment anywhere from 5 years up to 99 years or life. Thank you, Your Honor.

THE COURT: This is a second-degree, is it not?

MR. BURKE: Well, they --

THE COURT: That's right.

MR. BURKE: Let me explain something. It's not in the Indictment, Judge, but they gave notice of an enhancement paragraph, which I believe changed the punishment range. And so that's unusual, but they are allowed to do that.

THE COURT: Right, right.

MR. BURKE: In any event, the only thing I'd like to ask the Court to consider is the fact that even though he's had a prior conviction for what's described in the pen packet and he's been convicted of two counts in this matter, even though this finding by the jury certainly is -- is -- I want to say disappointing in the sense that you hate to see a crime like this occur, but there was no violence involved in the commission of this crime.

I think the State described it as mental manipulation, and that's probably true. But in any event, considering the possibilities of the way something like that may occur, I'd ask the Court not to consider

the upper range of punishment, but to consider the range of punishment that not only is in line with what the punishment range is under the present state of the law and the pleadings in this case, and also take into consideration his prior conviction. Thank you.

THE COURT: Anything further from the State?

MS. MCCORMICK: No closing remarks, Your Honor.

THE COURT: The jury having found the Defendant guilty of count one and count two in the Indictment and the Court having accepted the verdict of the jury it's, therefore, the judgment of the Court the Defendant is guilty of count one and count two in the Indictment.

I understand there was no physical violence in this case, but the harm done to the victim in this case is quite likely much more severe than had there been a physical violence.

And, of course, the Court recognizes the fact that the Defendant chose not to be here and has voluntarily absented himself.

The Court will sentence the Defendant on each count in the Indictment to 60 years in the institutional division of the Department of Criminal

Justice and a fine of $10,000 in each count. Thank you.

MR. BURKE: Thank you, sir.

(End of Volume 4 proceedings.)

Exhibit

"A"

VOLUME 4 OF 6
REPORTER'S RECORD
CAUSE NUMBER F-2003-0377-C

THE STATE OF TEXAS          *     IN THE DISTRICT COURT
VS.                         *     211TH JUDICIAL DISTRICT
WILLIAM B. PIERCE           *     DENTON COUNTY, TEXAS

--------------------------------------------------
REPORTER'S CERTIFICATION
--------------------------------------------------

I, NIKI D. GARCIA, RPR, CSR #2627, a Certified Shorthand Reporter in and for the County of Denton, State of Texas, certify that the foregoing Reporter's Record contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by the Defendant in the above-styled and numbered cause, all of which were reported by me in open court.

I further certify that this transcription of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

WITNESSETH MY HAND, this the 2nd day of March, 2004.

Niki D. Garcia
NIKI D. GARCIA, RPR, CSR #2627
Registered Professional Reporter
Certified Shorthand Reporter
Stoffels & Associates, Inc.
207 W. Hickory, Ste. 304
Denton, Texas 76201
(940) 565-9797

My commission expires: 12-31-05.

COST OF ORIGINAL: $_____

Exhibit

"B"

PROCEEDINGS:

(Open court, Defendant present.)

THE COURT: This is F-2003-0377-C, the State versus William Boyd Pierce, for sentencing today.

State ready?

MR. FLEMING: State is ready, Your Honor.

THE COURT: Defense ready?

MR. BURKE: Yes, sir.

THE COURT: And, Mr. Pierce, back in August of this year, you began your trial -- actually, it was in front of a visiting judge. You began your trial, and you absconded partial way through the trial. They completed the trial in absentia, and you have been apprehended and brought back to Denton County.

Is there any reason at law why you should not be sentenced at this time?

MR. BURKE: No, sir.

THE COURT: It is therefore the order, judgment, sentence, and decree of the Court that you be taken by the Sheriff of Denton County and by him safely kept and by him held until you can be transferred to an authorized receiving agent for the Institutional Division of the Texas Department of Criminal Justice wherein you shall be confined for a period of 60 years or until your sentence is otherwise discharged by operation of law.

And how many days was he in jail originally?

MR. BURKE: Several months, Judge. Can I look

ROBERT L. FRENCH, CSR (940) 349-2332

that up and let you know? He's been in Utah, and then he was transferred down here. I didn't know till last night that he was here.

THE COURT: All right. If you will look that up.

Now, Mr. Pierce, I believe that there is some question about whether or not you have the right to appeal this case because I -- there is at least a possibility that the time for appeal ran while you were still at large and that has expired at this time. I am going to leave Mr. Burke on the case to explore that possibility if you wish to appeal.

THE DEFENDANT: Yes, sir.

THE COURT: I am of the opinion that you probably don't. Mr. Burke is a very line lawyer, and he may be able to find some law that would convince me otherwise, so I will leave him on for that purpose.

THE DEFENDANT: Your Honor, could I ask a question?

THE COURT: Yes, sir.

THE DEFENDANT: How can they use the enhancement paragraph when it wasn't alleged in the indictment, sir?

THE COURT: Well, you need to talk to your lawyer about that.

THE DEFENDANT: Okay. That is one of the things at issue, you know.

THE COURT: All right. That will conclude the

ROBERT L. FRENCH, CSR (940) 349-2332

sentencing. You will need to go with the bailiff.

MR. BURKE: Thank you, sir.

MR. DOBSON: I've got 150 days credit.

MR. BURKE: 150.

(End of Volume 4 of 6.)

ROBERT L. FRENCH, CSR (940) 349-2332

Exhibit "B"

ROBERT L. FRENCH, C___

EXHIBIT F

Exhibit "C"

NO. F-2003-0377-C

| THE STATE OF TEXAS | § | IN THE 211TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| WILLIAM BOYD PIERCE | § | DENTON COUNTY, TEXAS |

## NUNC PRO TUNC

## JUDGMENT ON JURY VERDICT OF GUILTY
## PUNISHMENT FIXED BY COURT OR JURY - NO PROBATION GRANTED

| Judge Presiding: | : L. Dee Shipman | Date of Judgment | : November 6, 2003 |
|---|---|---|---|
| Attorney for State | : Paige McCormick : Earl Dobson | Attorney for Defendant | : Hardy Burke |
| Offense Convicted of Degree | SEXUAL ASSAULT (2 COUNTS) : : 2nd | Date Offense Committed | : January 17, 2003 : January 28, 2003 |
| Charging Instrument | : Indictment | Plea | : Not Guilty |
| Jury Verdict | : Guilty | | |
| Plea to Enhancement | : Not True | Findings On Enhancement | : True |
| Findings on Use of Deadly Weapon | : N/A | | |
| Punishment Assessed by | : Judge | | |
| Date Sentence Imposed | : November 6, 2003 | Costs and additional warrant fee, if any | : $271.00 |
| Punishment-Place of Confinement | : SIXTY (60) YRS. TDCJ | Date to Commence | : November 6, 2003 |
| Time Credited | : 150 days | Total amount of restitution | : |
| Concurrent Unless Otherwise Specified. | | Restitution to Be Paid To: Name: Address: | |
| Art. 6252-13c Registration Required : No | | Victim's Age : N/A | |

The defendant, WILLIAM BOYD PIERCE, having been indicted in the above entitled and numbered cause for the felony offense of SEXUAL ASSAULT (2 COUNTS) as alleged in

the indictment, and this day this cause being called for trial, the State appeared by her Assistant Criminal District Attorney, Earl Dobson and/or Paige McCormick, and the defendant, WILLIAM BOYD PIERCE appeared in person, his counsel, Hardy Burke, also being present, and both parties announced ready for trial, and the said defendant in open court was duly arraigned and in person pled NOT GUILTY to the charge contained in the indictment herein; thereupon a jury was duly selected, impaneled and sworn, who, having heard the indictment read, and the defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, as to their duty to determine the guilt or innocence of the defendant, and after hearing arguments of counsel, retired in charge of the proper officer to consider their verdict, and afterward were brought into open court, by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received and accepted by the Court, and is here now entered upon the minutes of the Court to-wit: "We, the jury, find the defendant, WILLIAM BOYD PIERCE, guilty of the offense of SEXUAL ASSAULT (2 COUNTS), as alleged in the indictment."

The defendant having been found guilty by verdict of the jury and having requested in writing that the Court assess the punishment herein, the Court heard and considered further evidence and argument of counsel on the issue of punishment. A presentence investigation report was not required or done.

THE COURT FURTHER FINDS that before the commission of the offense alleged in the indictment, on October 16, 2001, in cause number 20-382-C, in Denton County, Texas, the defendant was convicted of the felony of Aggravated Robbery in the 211th Judicial District Court of Denton County, Texas.

IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court, that the said defendant is guilty of the felony offense of SEXUAL ASSAULT (2 COUNTS), as alleged in the indictment, and that the said defendant committed said offense on or about the 17th day of January, 2003, as alleged in Count I of the indictment, and on or about the 28th day of January, 2003, as alleged in Count II of the indictment, as found by the jury and that he be punished, by confinement in the Institutional Division of the Texas Department of Criminal Justice for SIXTY (60) YEARS and a fine of $10,000.00, that the State of Texas do have and recover of the said defendant all costs in this prosecution expended, for which execution will issue, and that said defendant be sentenced in accordance with said assessment of punishment.

THEREUPON, the said defendant, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and in appearing to the Court that the defendant is mentally competent and understanding of the English language, the Court proceeded in the presence of the said defendant, his counsel also being present, to pronounce sentence against him as follows:

IT IS THE ORDER OF THE COURT that the said defendant, WILLIAM BOYD PIERCE, who has been adjudged to be guilty of SEXUAL ASSAULT (2 COUNTS), as alleged in the indictment, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for SIXTY (60) YEARS and a fine of

* This Paragraph was never pronounced or Rendered in Court.

$10,000.00, to be delivered by the Sheriff of Denton County, Texas, immediately, to the Director of the Institutional Division of the Texas Department of Criminal Justice or other persons legally authorized to receive such convicts, and said defendant shall be confined in said Institutional Division of the Texas Department of Criminal Justice for SIXTY (60) YEARS and a fine of $10,000.00 in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice of said State and the said defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

IT IS FURTHER ADJUDGED AND DECREED by this Court that the sentence pronounced herein shall begin this date, and that the defendant is granted 150 days credit for time served.

SIGNED this the _27_ day of April, 2006.

_____
JUDGE PRESIDING

_____
DATE SIGNED

Notice of Appeal: _____

RECEIVED COPY:

_____
WILLIAM BOYD PIERCE
DEFENDANT
DATE: _____

FINGERPRINT FROM DEFENDANT

Exhibit
"D"

| THE STATE OF TEXAS | § | IN THE 21 NON JUDICIAL |
|---|---|---|
| VS. | § | DISTRICT COURT OF |
| WILLIAM BOYD PIERCE | § | DENTON COUNTY, TEXAS |

DISTRICT CLERK
Denton County, Texas
DEPUTY

## JUDGMENT ON JURY VERDICT OF GUILTY
### PUNISHMENT FIXED BY COURT OR JURY - NO PROBATION GRANTED

| | | | |
|---|---|---|---|
| Judge Presiding: | : L. Dee Shipman | Date of Judgment | : November 6, 2003 |
| Attorney for State | : Paige McCormick : Earl Dobson | Attorney for Defendant | : Hardy Burke |
| Offense Convicted of Degree | SEXUAL ASSAULT (2 COUNTS) : : 2nd | Date Offense Committed | : January 17, 2003 : January 28, 2003 |
| Charging Instrument | : Indictment | Plea | : Not Guilty |
| Jury Verdict | : Guilty | | |
| Plea to Enhancement | : N/A | Findings On Enhancement | : N/A |
| Findings on Use of Deadly Weapon | : N/A | | |
| Punishment Assessed by | : Judge | | |
| Date Sentence Imposed | : November 6, 2003 | Costs and additional warrant fee, if any | : $271.00 |
| Punishment-Place of Confinement | : SIXTY (60) YRS. TDCJ | Date to Commence | : November 6, 2003 |
| Time Credited | : 150 days | Total amount of restitution | : |
| Concurrent Unless Otherwise Specified. | | Restitution to Be Paid To: Name: Address: | |
| Art. 6252-13c Registration Required | : No | Victim's Age | : N/A |

The defendant, WILLIAM BOYD PIERCE, having been indicted in the above entitled and numbered cause for the felony offense of SEXUAL ASSAULT (2 COUNTS) as alleged in the indictment, and this day this cause being called for trial, the State appeared by her Assistant

46

WILLIAM BOYD PIERCE appeared in person, his counsel, Hardy Burke, also being present, and both parties announced ready for trial, and the said defendant in open court was duly arraigned and in person pled NOT GUILTY to the charge contained in the indictment herein; thereupon a jury was duly selected, impaneled and sworn, who, having heard the indictment read, and the defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, as to their duty to determine the guilt or innocence of the defendant, and after hearing arguments of counsel, retired in charge of the proper officer to consider their verdict, and afterward were brought into open court, by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received and accepted by the Court, and is here now entered upon the minutes of the Court to-wit: "We, the jury, find the defendant, WILLIAM BOYD PIERCE, guilty of the offense of SEXUAL ASSAULT (2 COUNTS), as alleged in the indictment."

The defendant having been found guilty by verdict of the jury and having requested in writing that the Court assess the punishment herein, the Court heard and considered further evidence and argument of counsel on the issue of punishment. The Court having received from the Denton County Probation Department a written presentence investigation report, complying with all the requirements set forth in Article 42.12, Section 9 of the Texas Code of Criminal Procedure.

IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court, that the said defendant is guilty of the felony offense of SEXUAL ASSAULT (2 COUNTS), as alleged in the indictment, and that the said defendant committed said offense on or about the 17th day of January, 2003, as alleged in Count I of the indictment, and on or about the 28th day of January, 2003, as alleged in Count II of the indictment, as found by the jury and that he be punished, by confinement in the Institutional Division of the Texas Department of Criminal Justice for SIXTY (60) YEARS and a fine of $10,000.00, that the State of Texas do have and recover of the said defendant all costs in this prosecution expended, for which execution will issue, and that said defendant be sentenced in accordance with said assessment of punishment.

THEREUPON, the said defendant, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and in appearing to the Court that the defendant is mentally competent and understanding of the English language, the Court proceeded in the presence of the said defendant, his counsel also being present, to pronounce sentence against him as follows:

IT IS THE ORDER OF THE COURT that the said defendant, WILLIAM BOYD PIERCE, who has been adjudged to be guilty of SEXUAL ASSAULT (2 COUNTS), as alleged in the indictment, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for SIXTY (60) YEARS and a fine of $10,000.00, to be delivered by the Sheriff of Denton County, Texas, immediately, to the Director of the Institutional Division of the Texas Department of Criminal Justice or other persons legally

authorized to receive such convicts, and said defendant shall be confined in said Division of the Texas Department of Criminal Justice for SIXTY (60) YEARS and a fine of $10,000.00 in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice of said State and the said defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

IT IS FURTHER ADJUDGED AND DECREED by this Court that the sentence pronounced herein shall begin this date, and that the defendant is granted _150_ days credit for time served.

SIGNED this the 6th day of November, 2003.

_____
JUDGE PRESIDING

_____
DATE SIGNED

Notice of Appeal: _____

RECEIVED COPY:

_____
WILLIAM BOYD PIERCE
DEFENDANT
DATE: _____

FINGERPRINT FROM

_____

FINGER OF DEFENDANT

William Pierce

RIGHT